Argued April 8, affirmed June 18, petition for rehearing
denied August 26, 1969

LOVE, *Appellant, v.* ZARTMAN, *Respondent.*

455 P2d 176

*Martin Schedler,* Portland, argued the cause and filed briefs for appellant.

*David C. Landis,* Portland, argued the cause for respondent. On the brief were Morrison & Bailey, George M. Joseph, and Robert H. Hollister, Portland.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

PER CURIAM.

A plaintiff who sustained the loss of a testicle through the alleged negligence of a surgeon appeals a judgment for the defendant. The appeal was heard *in banc* because it purported to present an important question upon the extent to which a plaintiff without medical testimony can rely upon *res ipsa loquitur* to carry his case to the jury.

Upon examining the record after oral argument, we find that we cannot reach the question suggested. During the course of the trial the plaintiff asked whether the court intended to instruct the jury on the inferences that can be drawn in certain situations which are sometimes loosely referred to as *"res ipsa loquitur"* cases, and the court indicated that it would not. See, for a discussion of the rules applicable to *res ipsa,* in a proper case, *Waterway Terminals v. P. S. Lord,* 242 Or 1, 53, 406 P2d 556 (1965), 13 ALR 3d 1.

Instead of assigning error to an instruction given or refused, so this court would have before it a specific ruling by the trial court, the plaintiff's brief merely assigns error to a ruling which struck from the fourth amended complaint one of the specifications of negligence.

The stricken allegation was merely a general summary of the plaintiff's theory that the doctor had performed the operation negligently. The plaintiff's theory, moreover, had been developed specifically in

five other allegations of negligence. There was no error in striking the allegation of negligence, as it was redundant. No other error appears on the face of the record to justify the invocation of Rule 46.

Affirmed.